J-A29040-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KEVIN NAPPER | : | |
| | : | |
| Appellant | : | No. 906 WDA 2019 |

Appeal from the PCRA Order Entered June 18, 2019
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0013964-2010

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KEVIN LEE NAPPER | : | |
| | : | |
| Appellant | : | No. 907 WDA 2019 |

Appeal from the PCRA Order Entered June 6, 2019
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0009422-2010

BEFORE:  BENDER, P.J.E., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:                **FILED JANUARY 2, 2020**

Kevin Lee Napper (Napper) appeals from an order of the Allegheny County Court of Common Pleas (PCRA court) dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. He contends on appeal that his PCRA counsel was *per se* ineffective due to

_____

[*] Retired Senior Judge assigned to the Superior Court.

waiving a claim in an amended PCRA petition which Napper had initially raised *pro se*. Although we find that Napper properly asserted his claim, we agree with the PCRA court's determination that there is no need to remand the case because the underlying basis of the claim lacks merit.

## I.

In 2011, Napper pled guilty in a global plea agreement to several offenses at the two above-captioned docket numbers. He received an aggregate prison term of two to four years, followed by three years of probation. Napper did not appeal or file post-sentence motions.

During the probationary period, on April 13, 2018, Napper pled guilty to new criminal charges. On November 20, 2018, the trial court held a probation violation hearing and found that the new offense constituted a violation and Napper was resentenced on his original 2011 sentence, made consecutive to the sentence for the new conviction. Napper did not file post-sentence motions or appeal.

Napper timely filed a *pro se* PCRA petition (his first) in February 2019. He claimed, in part, that his attorney during the probation proceedings was ineffective in allowing his probation violation hearing to be delayed for about seven months. Napper based his ineffectiveness claim on Rule 708, which permits a court to hold a hearing on a probation violation only if done "as speedily as possible[.]" Pa.R.Crim.P. 708(B)(1).

The PCRA court appointed Napper counsel who filed an amended PCRA petition in April 2019. However, this amended PCRA petition reframed Napper's purported claim of ineffectiveness under Rule 708 as one of court error, stating that "Mr. Napper's sole claim for relief centers on his belief that the Commonwealth did not conduct [Napper's] probation violation hearing as quickly as it should have[.]".

The analysis section of the brief in support of the amended PCRA petition cited no authorities pertaining to the PCRA nor to any case law applying the PCRA in the context of an ineffectiveness claim. PCRA counsel stated only that the hearing's delay violated Rule 708 because it was not due to any fault of Napper, but rather to the Commonwealth as well as the "negligence of the [probation counsel] on his case and his probation officer in failing to complete tasks necessary to hold the hearing."

On May 9, 2019, the PCRA court gave Napper notice of its intent to dismiss his amended petition without a hearing and allowed him 20 days to respond. Over 20 days later, on June 5, 2019, Napper's PCRA counsel moved to withdraw and no response was filed on his behalf.[1] On June 6, 2019, the

---

[1] Throughout the 20 days Napper had to respond to the PCRA court's notice of intent to dismiss, Napper was still represented by PCRA counsel who had not yet sought to withdraw and who had never filed a "no-merit" letter explaining why she thought Napper would not be able to obtain relief from his claim. It appears that Napper's PCRA counsel moved to withdraw after prematurely treating his petition as already dismissed once the 20-day notice period had elapsed.

PCRA court granted PCRA counsel's motion to withdraw and ruled that appellate counsel would be appointed for appeal. That same day, the PCRA court dismissed the amended PCRA petition.

Napper was appointed appellate counsel and he timely appealed. In his 1925(b) statement, he claimed that PCRA counsel waived a timely and cognizable ineffectiveness claim premised on probation counsel's failure to seek to enforce his rights under Rule 708, depriving him of meaningful PCRA review and warranting reinstatement of his right to file an amended petition *nunc pro tunc*.[2]

In its opinion, the PCRA court ruled that Napper's PCRA petition was properly denied. **See** 1925(a) Opinion, 7/19/2019, at 4-5. The PCRA court found that Napper's PCRA counsel did not waive the ineffectiveness claim asserted in his *pro se* petition because PCRA counsel had referred to probation counsel's "negligence" as a reason for the delay of the probation violation hearing. On the merits, the PCRA court reasoned that the period of seven months between Napper's guilty plea and his probation violation hearing did not constitute an unreasonable delay under Rule 708.

Napper now argues that his PCRA counsel's failure to raise his *pro se* claim of ineffective assistance of probation counsel is itself *per se*

---

[2] Napper filed two notices of appeal, one for each of the relevant docket numbers, as required by the Official Note of Pa.R.A.P. 341. This Court then consolidated the cases into one appeal.

ineffectiveness, entitling him to re-file a counseled PCRA petition. In other words, he asks this Court to presume that his PCRA counsel was ineffective so that he may go back to the PCRA court and assert in a counseled petition that his probation counsel was ineffective.

The Commonwealth contends that no relief is due because Napper was appointed PCRA counsel and the effectiveness of counsel must be presumed; Napper's amended PCRA petition and appeal were timely filed, satisfying his right to counsel and appellate review; and PCRA counsel, in fact, raised Napper's *pro se* claim of ineffective probation counsel, which the PCRA court rejected on the merits.[3] **See** Appellee's Brief, at 15-16.[4]

## II.

Before reaching the merits of Napper's appellate claim of ineffective PCRA counsel, we must determine if PCRA counsel's failure to raise his *pro se* claim of ineffective assistance of probation counsel is the type of issue that can be considered for the first time on appeal. There is no federal

---

[3] "Our standard of review for issues arising from the denial of PCRA relief is well-settled. We must determine whether the PCRA court's ruling is supported by the record and free of legal error." **Commonwealth v. Johnson**, 179 A.3d 1153, 1156 (Pa. Super. 2018) (internal quotation marks omitted).

[4] The Commonwealth argues that Napper preserved his claim of ineffective probation counsel and that this Court, therefore, has jurisdiction to review the PCRA court's ruling on the merits of that claim. **See** Appellee's Brief, at 16 (citing **Commonwealth v. Presley**, 193 A.3d 436 (Pa. Super. 2018)).

constitutional right to PCRA counsel, but Pennsylvania affords first-time petitioners a right to counsel from the filing of a first PCRA petition until the conclusion of appellate proceedings. *See* Pa.R.Crim.P. 904(c) ("[T]he judge shall appoint counsel to represent the defendant on the defendant's first petition for [PCRA] relief.").

Although the existence of this right implies the existence of a way to enforce it,[5] our Supreme Court has noted that "no definitive resolution has emerged" as to how the right to effective PCRA counsel is to be assured. *Commonwealth v. Henkel*, 90 A.3d 16, 29 (Pa. Super. 2014) (*en banc*) (quoting *Commonwealth v. Pitts*, 981 A.2d 875 (Pa. 2009) (holding that petitioner had no right to appellate remand for filing of amended petition to remedy PCRA counsel's omission of a claim)). "[T]here is no formal mechanism in the PCRA for a second round of collateral attack focusing upon the performance of PCRA counsel, much less is there a formal mechanism designed to specifically capture claims of trial counsel ineffectiveness defaulted by initial-review PCRA counsel." *Commonwealth v. Holmes*, 79 A.3d 562, 583-84 (Pa. 2013).

---

[5] "It is axiomatic that the right to counsel includes the concomitant right to effective assistance of counsel. Indeed the right to counsel is meaningless if effective assistance is not guaranteed." *Commonwealth v. Albrecht*, 720 A.2d 693, 699-700 (Pa. 1998); *see also Commonwealth v. Pitts*, 981 A.2d 875, 890-93 (Pa. 2009) (Baer, J., dissenting) (finding that PCRA petitioners should be able to raise claims of PCRA counsel's ineffectiveness because there is no other practical means of ensuring that right).

The leading cases on PCRA counsel's ineffectiveness explain generally that such claims may not be raised for the first time in an initial PCRA appeal because (a) they would be waived and unpreserved for appellate review and (b) they would almost always be untimely because there is no applicable exception to the PCRA's jurisdictional time-bar requiring the filing of a PCRA petition within one year of the finality of the petitioner's judgment of sentence. **See generally Henkel**, 90 A.3d at 24-30; **see also Commonwealth v. Watts**, 23 A.3d 980, 983 (Pa. 2011) (holding that PCRA "confers no authority upon this Court to fashion *ad hoc* equitable exceptions to the PCRA time-bar in addition to those exceptions expressly delineated in the [PCRA]."); **Commonwealth v. Ligons**, 971 A.2d 1125 (Pa. 2009).

The PCRA and the applicable appellate rules likewise limit a reviewing court's authority to consider the merits of claims that have not been timely or properly raised. **See** 42 Pa.C.S. § 9545(b)(1) (imposing one-year time with limited exceptions); 42 Pa.C.S. § 9543(a)(3) ("To be eligible for relief under [the PCRA], the petitioner must plead and prove by a preponderance of the evidence . . . [t]hat the allegation of error has not been . . . waived."); Pa.R.A.P. 302(a) ("Issues not raised in the lower courts are waived and cannot be raised for the first time on appeal."); Pa.R.A.P. 1925(b) (requiring

appellant, upon court order, to preserve issues on appeal by enumerating them in a written statement).[6]

However, in two recent cases, the Pennsylvania Supreme Court has indicated that PCRA petitioners can raise claims of *per se* ineffective PCRA counsel. In **Commonwealth v. Rosado**, 150 A.3d 425, 426 (Pa. 2016), a defendant convicted of criminal offenses timely filed a post-sentence motion raising a sufficiency of the evidence claim. The trial court ordered the filing of a 1925(b) statement, but counsel did not comply. Counsel filed an appellate

---

[6] [C]laims of PCRA counsel ineffectiveness may not be raised for the first time on appeal from the denial of PCRA relief. **Commonwealth v. Pitts**, 981 A.2d 875, 879 n.4 (Pa. 2009) (rejecting a petitioner's attempt to challenge PCRA counsel's performance for the first time on appeal from the denial of collateral review as such claims could have been raised in the petitioner's response to the trial court's Pa.R.Crim.P. 907 notice of intent to dismiss); **Commonwealth v. Colavita**, 993 A.2d 874, 893 n. 12 (Pa. 2010) (noting as an alternative basis for affirming the intermediate appellate court that "claims of PCRA counsel ineffectiveness may not be raised for the first time at the direct appeal level, much less at the discretionary appeal level"); **Commonwealth v. Jette**, 23 A.3d 1032, 1044 n. 14 (Pa. 2011) (citing **Colavita** and **Pitts** for the proposition that claims of PCRA counsel ineffectiveness cannot be raised for the first time on appeal); **see also Commonwealth v. Ford**, 44 A.3d 1190, 1201 (Pa. Super. 2012), **alloc. denied**, 54 A.3d 347 (Pa. 2012) ([holding] that "absent recognition of a constitutional right to effective collateral review counsel, claims of PCRA counsel ineffectiveness cannot be raised for the first time after a notice of appeal has been taken from the underlying PCRA matter").

**Commonwealth v. Robinson**, 139 A.3d 178, 185 n.8 (Pa. 2016) (some citations omitted).

brief containing no preserved claims and the convictions were affirmed on that basis. The defendant then filed a PCRA petition alleging that his trial counsel was ineffective *per se* and it was denied.

Addressing the issue of whether "filing an appellate brief which abandons all preserved issues in favor of unpreserved ones constitutes ineffective assistance of counsel *per se,*" our Supreme Court held that "errors which *completely* foreclose appellate review amount to a constructive denial of counsel," making it unnecessary for a defendant to show prejudice. *Rosado*, 150 A.3d at 438-39. It went on to distinguish a "partial" deprivation of counsel subject to the standard ineffectiveness analysis from "complete" deprivation, whether actual or constructive: "the filing of a brief that raises only waived issues, while technically distinct, is nonetheless akin to failing to file documents perfecting an appeal." *Id*. at 440-41.

However, *Rosado* only addressed the federally mandated right to counsel on direct appeal under the United States and Pennsylvania Constitutions and did not necessarily address Pennsylvania's separate *rule-based* right to counsel during PCRA proceedings. *See Rosado*, 150 A.3d at 429-30; *see also Henkel*, 90 A.3d at 21-24 (summarizing Pennsylvania's

adoption of Pa.R.Crim.P. 904(c), which affords the right to collateral review throughout all postconviction proceedings, including appeal).[7]

In **Commonwealth v. Peterson**, 192 A.3d 1123, 1125 (Pa. 2018), our Supreme Court applied the rationale of **Rosado** to PCRA proceedings. In **Peterson**, a PCRA petitioner was appointed counsel who filed a PCRA petition asserting that his guilty plea was involuntary. The petition was filed a day late and the PCRA court did not hold a hearing on it for many years after its filing. When the hearing finally occurred, the court deemed the petition to be timely but denied relief on the merits. The petitioner timely appealed, but this Court quashed the appeal for lack of jurisdiction because, unlike the trial court, we found the petition to be untimely.[8]

The petitioner then filed a second PCRA petition (many years after his judgment of sentence became final) asserting that his PCRA counsel was *per se* ineffective due to the late filing of his petition. The PCRA court granted a reinstatement of his PCRA appellate rights, but we reversed finding that there

---

[7] **See Commonwealth v. Henkel**, 90 A.3d 16, 29-30 (Pa. Super. 2014) (suggesting that the deprivation of a state right to postconviction counsel could possibly be remedied via a federal petition for writ of habeas corpus) (citing **Martinez v. Ryan**, 566 U.S. 1 (2012), and **Trevino v. Thaler**, 569 U.S. 413 (2013)).

[8] **See Commonwealth v. Peterson**, No. 538 WDA 2014 (Pa. Super. January 30, 2015) (unpublished memorandum).

was no basis in the PCRA to justify an equitable exception to the jurisdictional time-bar.[9]

Reversing us, our Supreme Court held that that "counsel's negligence *per se* in filing an untimely PCRA petition constitute[d] adequate grounds to permit the filing of a new PCRA petition[.]" ***Peterson***, 192 A.3d at 1125. Although the petitioner filed his second PCRA beyond the one-year time bar, the Court held that the "untimely filing of Peterson's first PCRA petition constituted ineffectiveness *per se*, as it completely foreclosed Peterson from obtaining review of the collateral claims set forth in his first PCRA petition." ***Id***. at 1132.

The Court also clarified that the *per se* ineffectiveness of PCRA counsel may constitute a "newly discovered fact" that satisfies an exception to the PCRA's one-year time bar. ***Id***. at 1130-31. In doing so, the Court left intact its previous holdings that mere ineffectiveness, as opposed to the *per se* variety, is *not* a "newly discovered 'fact' for purposes of invoking the subsection 9545(b)(1)(ii) exception." ***Id***. at 1129 (citing ***Commonwealth v. Crews***, 863 A.2d 498, 503 (Pa. 2004); ***Commonwealth v. Howard***, 788 A.2d 351, 355 (Pa. 2002); ***Commonwealth v. Pursell***, 749 A.2d 911, 916 (Pa. 2000); and ***Gamboa–Taylor***, 753 A.2d 780, 785 (Pa. 2000)).

---

[9] ***See Commonwealth v. Peterson***, No. 141 WDA 2016, No. 181 WDA 2016, at *3 (Pa. Super. September 29, 2016) (unpublished memorandum).

Based on **Rosado**, **Peterson**, and the authorities discussed therein, a petitioner may assert for the first time on appeal and beyond the one-year time bar that PCRA counsel was *per se* ineffective.

In this case, Napper has asserted a cognizable claim of *per se* ineffectiveness because he argues that his PCRA counsel waived a preserved PCRA claim in order to file an amended PCRA petition on his behalf containing no PCRA claims. If Napper is correct that, in effect, no amended PCRA petition was ever filed, then there is no practical difference between his situation and the circumstances of a first-time *pro se* petitioner who is erroneously denied an attorney or meaningful appellate review of PCRA claims. The failure of PCRA counsel to file a cognizable PCRA claim in the amended petition would be a newly discovered fact that satisfies an exception to the PCRA's time-bar under subjection 9545(b)(1)(ii).

### III.

Having resolved the threshold jurisdictional matter of whether this Court can entertain a new claim of *per se* ineffectiveness by PCRA counsel on an initial PCRA appeal, we now consider whether that claim has merit. Napper is correct that the amended petition was facially deficient because it did not present claims that were cognizable under the PCRA. However, there are two reasons why he is nevertheless barred from filing another amended petition as he requests.

First, the PCRA court could discern from both the *pro se* petition and the amended petition that Napper was asserting an ineffectiveness claim. Before PCRA counsel was appointed, Napper had alleged in his *pro se* petition that his probation counsel was ineffective in failing to enforce his right to a timely probation violation hearing under Rule 708. The amended petition did not refer to all the elements of ineffectiveness, but it was clear to the PCRA court that such a claim was being asserted, giving the PCRA court the liberty to treat it as such. As a result, PCRA counsel was not ineffective *per se* because there was no complete deprivation of representation during the PCRA proceedings.

Second, PCRA counsel asserted grounds in the amended petition that would have been necessary elements of a claim of ineffective assistance of probation counsel. PCRA counsel alleged that Napper suffered prejudice as a result of a violation of Rule 708. At the time he filed his amended petition, Napper's probation counsel was presumed effective and he, in his PCRA claim, had the burden of proving by a preponderance of the evidence that

> (1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) [the appellant] suffered prejudice because of counsel's action or inaction.

*Commonwealth v. Brown*, 161 A.3d 960, 965 (Pa. Super. 2017) (citations and quotation marks omitted). The failure to prove any single element is fatal to an ineffectiveness claim. *Id*.

The PCRA court found that the underlying Rule 708 claim lacked arguable merit and Napper suffered no prejudice. By resolving necessary

elements of ineffectiveness in the context of Rule 708 – which had been advanced in substance by PCRA counsel – the PCRA court addressed the merits of a counseled PCRA claim of ineffectiveness. Napper makes no argument that the PCRA court's decision on the merits was incorrect.

Accordingly, we conclude that Napper's amended PCRA petition was properly dismissed, his PCRA counsel was not ineffective *per se*, and he is not entitled to re-file a counseled claim of ineffective probation counsel.

Order affirmed.

Judge Kunselman joins the memorandum.

President Judge Emeritus Bender concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/2/2020